# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LITWAK, JR. d/b/a JRL EMERGENCY SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD E. TOMKO, *et al.*, <br><br> Defendants. | NO. 3:18-CV-01377 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me are Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 3) and Plaintiff's Motion to Remand (Doc. 4). Because subject matter jurisdiction does not exist over the action, the motion to remand will be granted, the action will be remanded to the Schuylkill County Court of Common Pleas, and the motion to dismiss will be denied as moot.

## I. Background

The matter *sub judice* is the second of two actions brought by Plaintiff John Litwak, Jr. ("Plaintiff") against Defendants Richard Tomko, James Larish, Michael Petrozino, Joann Brennan, John Burke, William Dempsey, John Houseknecht, and the Borough of St. Clair (collectively, "Defendants"). (*See* Doc. 2, *generally*). In the prior suit, commenced against Defendants in this Court in 2016, Plaintiff asserted claims involving the alleged unlawful seizure of vehicles, a zoning dispute, and his towing business (the "2016 action"). *See* Complaint, *Litwak v. Tomko*, No. 16-446 (M.D. Pa. Mar. 11, 2016), ECF. No. 1.[1] Defendants moved to dismiss the complaint in the 2016 action, which Plaintiff then amended as a matter of course. *See* Amended Complaint, *Litwak v. Tomko*, No. 16-446 (M.D. Pa. June 22, 2016), ECF. No. 9.

---

[1] Also named as Defendants in the 2016 action were Frank DeMarco and Joseph Leskin.

Defendant moved for partial dismissal of the amended complaint, and finding that the amended complaint failed to comply with the Federal Rules of Civil Procedure, Plaintiff was given the opportunity to replead. *See Litwak v. Tomko*, No. 16-446, 2017 WL 168053 (M.D. Pa. Jan. 17, 2017).

Plaintiff filed a second amended complaint. *See* Second Amended Complaint, *Litwak v. Tomko*, No. 16-446 (M.D. Pa. Jan. 20, 2017), ECF No. 18. Defendants moved for a more definite statement because the second amended complaint was so vague and ambiguous they were unable to prepare a response. *See* Motion for More Definite Statement, *Litwak v. Tomko*, No. 16-446 (M.D. Pa. Feb. 13, 2017), ECF No. 19. That motion was granted and Plaintiff was directed to file a more definite statement. *See Litwak v. Tomko*, No. 16-446, 2017 WL 4151178 (M.D. Pa. Sept. 19, 2017).

Plaintiff's third amended complaint was filed on October 3, 2017. *See* Third Amended Complaint, *Litwak v. Tomko*, No. 16-446 (M.D. Pa. Oct. 3, 2017), ECF No. 27. Defendants moved to dismiss that pleading. *See* Motion to Dismiss, *Litwak v. Tomko*, No. 16-446 (M.D. Pa. Oct. 17, 2017), ECF No. 28. The motion to dismiss was granted. *See Litwak v. Tomko*, No. 16-446, 2018 WL 1378633 (M.D. Pa. Mar. 19, 2018). In dismissing the 2016 action, I explained:

> Plaintiff's pleading, which intermingles seemingly unrelated fact and conclusory statements with claims based on a variety of legal theories, is a shotgun pleading. Because the Third Amended Complaint is a shotgun pleading, it is yet again in violation of the pleading requirements set forth by the Federal Rules of Civil Procedure.
>
> It is within my discretion to dismiss Plaintiff's Third Amended Complaint. *See Washington*, 608 F. App'x at 51. I will dismiss Plaintiff's Third Amended Complaint with prejudice because I find that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that Plaintiff is not entitled to an inequitable or futile amendment). I have provided Plaintiff ample opportunity to amend his Complaint, and I recognize that there is no evidence to suggest that offering Plaintiff a third opportunity to amend would result in the production of a compliant complaint.

2

*Id*. at *6.

At some point, Plaintiff commenced litigation against Defendants in state court by filing a Writ of Summons in the Schuylkill County Court of Common Pleas. (*See* Doc. 1, ¶ 1). On or about June 11, 2018, Plaintiff filed the Complaint in state court. (*See* Doc. 2, *generally*). The two-Count Complaint asserts causes of action for "Abuse of Process: The Eighteen Year Old St. Clair Borough Zoning Appeal" (Count I) and "replevin" (Count II). (*See id*., *generally*). Therein, however, Plaintiff, citing 42 U.S.C. § 1983, references the violation of his constitutionally-protected Fourteenth Amendment rights. (*See id*. at ¶¶ 14-15, 41, 63-64).

On July 11, 2018, Defendants removed the instant action to this Court. (*See* Doc. 1, *generally*). Defendants contend that "[j]urisdiction of this matter lies with this Court because plaintiff is pursuing claims under federal law including claims under 42 U.S.C. § 1983 asserting violations of plaintiff's Fourteenth Amendment rights (Count I)." (*Id*. at ¶ 4).

Thereafter, Defendants moved to dismiss the Complaint, (*see* Doc. 3, *generally*), while Plaintiff moved to remand the action to the Court of Common Pleas of Schuylkill County. (*See* Doc. 4, *generally*). Those motions are now ripe for disposition.

## II. Discussion

Plaintiff's motion to remand raises jurisdictional concerns, so that motion will be addressed first. *See Hartman v. Cadmus-Cenveo Co.*, No. 13-7494, 2014 WL 4662499, at *2 (E.D. Pa. Sept. 19, 2014).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before

3

the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted). Removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted).

Defendants contend that federal question jurisdiction exists over the matter *sub judice* because Plaintiff is pursuing a claim pursuant to 42 U.S.C. § 1983. (*See* Doc. 1, ¶¶ 3-4).[2] Plaintiff disagrees, asserting that the only claims being advanced here are state law abuse of process and replevin claims.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether an action "arises under" federal law is governed by the well-pleaded complaint rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). That rule "makes the plaintiff the master of the claim: he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Thus, "usually[ ] federal jurisdiction is retained only when the plaintiff's right to relief relies on federal law, *i.e.*, when the relief is based on a federal cause of action." *JVC Americas Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 592 (D.N.J. 2003) ("Generally, federal courts have found that cases should be remanded when federal

---

[2] There is no suggestion by Defendants that diversity jurisdiction exists here.

law is merely 'referenced' or 'mentioned' in the claim.").

Plaintiff's motion to remand is properly granted based on application of the well-pleaded complaint rule. The Complaint contains two causes of action: one for abuse of process and one for replevin. These are distinctively state law claims. Plaintiff's right to relief on these claims is not based on federal law, nor is a federal law cause of action being advanced in this litigation. On the face of Plaintiff's Complaint, a federal question does not exist.

Defendants, though, point to references in the Complaint to the Fourteenth Amendment and § 1983. But such references to federal law in the Complaint do not transform Plaintiff's state law causes of action to claims under federal law.[3] Indeed, passing references to federal law - as is the case in the Complaint here - do not establish federal question jurisdiction for removal purposes. *See*, *e.g.*, *Center for Wildlife*, 2018 WL 3408129, at *3 ("In sum, given the fact that the stray references to the U.S. Constitution in the amended complaint are brief and are obviously not the thrust of this case, and given the Center's representations confirming that fact, it is clear that this case is not one which would invoke the original jurisdiction of this court. The case must therefore be remanded."); *Wickersham v. TD Bank, NA*, No. 13-7108, 2014 WL 2571640, at *2 (D.N.J. June 9, 2014) ("mere mention" of federal law in passing in the complaint is insufficient to sustain "arising under" jurisdiction"); *McBrearty v. Ky. Cmty. & Tech. Coll. Sys.*, No. 06-197, 2006 WL 2583375, at *5 (E.D. Ky. Sept. 7, 2006) ("True, the plaintiff generally referred to her 'federally

---

[3] The United States District Court for the Northern District of Indiana recently considered the "question [of] whether the somewhat haphazard references to the U.S. Constitution in the Center's complaint, without more, give rise [to] a claim over which this court has original jurisdiction and thus within my subject matter jurisdiction?" *Center for Wildlife Ethics, Inc. v. Clark*, No. 18-335, 2018 WL 3408129, at *2 (N.D. Ind. July 12, 2018). That court explained that "[w]hen faced with similar questions, district courts both inside and outside this circuit have answered this question in the negative, finding any potential federal question non-essential and thus an insufficient basis to confer federal jurisdiction." *Id*.

5

protected rights' when she administratively appealed her termination to the KCTCS, and that she cited the ADA and Title VII when she filed her EEOC charge in February, 2006. The fact remains, however, that the plaintiff did not assert claims under those statutes, or under any federal constitutional provision, when she filed her state court complaint in May."); *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 214 (D.N.J. 1992) ("This court is not convinced that plaintiff's mere allusion to the inapplicability of federal law and incorporation by reference of same into his three claims for relief transforms his complaint into one which on its face presents a federal question thereby causing his claims to 'arise under' federal law."); *Bacardi v. Bacardi Corp.*, 677 F. Supp. 253, 256 (D. Del. 1988) (recognizing that a case is not removable to federal court if a plaintiffs' complaint only contains a passing reference to a federal statute or alleges facts that could only remotely involve a federal question).

The references to the Fourteenth Amendment and § 1983 in the Complaint appear to be typographical errors. More particularly, these averments seemingly come from Plaintiff's counsel pasting portions of his pleadings from the 2016 action into the operative Complaint in the matter *sub judice*. Plaintiff essentially admits as much in support of his motion to remand. (*See* Doc. 7, 8). "[W]hen assessing a party's argument that the basis for jurisdiction is founded on a typographical error, courts within this circuit look to the relevant document as a whole to determine whether the disputed language was in fact a typographical." *Portnoff v. Janssen Pharms., Inc.*, 237 F. Supp. 3d 253, 265-66 (E.D. Pa. 2017) (citations omitted). As explained above, and in light of the allegations in the pleadings in the 2016 action, it is clear that the references to the Constitution and federal law in the Complaint resulted from an error in drafting. Under such circumstances, it is proper to remand the action to state court. *See*, *e.g.*, *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005) (a "case should not come to federal court if the only ground for jurisdiction is a clerical error, however careless"); *Salovitz v. Uber Tech., Inc.*, No. 14-823, 2014 WL 5318031, at *4 (W.D. Tex. Oct. 16, 2014); *Perez v. Del Monte Fresh Produce N.A., Inc.*, No. 11-

1243, 2012 WL 2872398, at *12 (D. Or. Apr. 18, 2012) ("various courts have held that if removal jurisdiction is based on a clerical mistake or scrivener's error, a district court, in its discretion, may find that it lacks jurisdiction and remand the action back to state court."); *Jackson v. Prime Motors, Inc.*, No. 11-2360, 2011 WL 1883806, at *4 (E.D. Pa. May 18, 2011) ("It would defy common sense to exercise federal jurisdiction because Jackson's counsel accidentally referenced a federal statute" in pasting allegation in the complaint and "declin[ing] to exercise jurisdiction over a state-law action solely on the basis of an obvious typographical error."); *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 493 (S.D.N.Y. 2009) (reference to federal statute in prayer for relief was a typographical error and did not raise a federal question).[4]

### III. Conclusion

For the above stated reasons, the motion to remand will be granted. The action will be remanded to the Court of Common Pleas of Schuylkill County. The motion to dismiss will be denied as moot.

An appropriate order follows.

September 6, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[4] Even if the Complaint is construed as setting forth a claim under federal law, Plaintiff has indicated that he is withdrawing any reference to federal law or federally protected constitutional rights in his Complaint. (*See* Doc. 7, 8). Of course, "subject matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court, at the time the petition for removal is presented," and a "subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.d2d 119, 123-24 (3d Cir. 1979). Nonetheless, a court has discretion to remand a removed action if no federal law claims remain in the case. *See Hartman*, 2014 WL 4662499, at * 4. To the extent that any federal law claims were pled in this case - which I do not believe were for reasons explained in the text - the withdrawal of those claims provides "a powerful reason not to continue to exercise jurisdiction." *Id*. at *5 (citation and quotation omitted).

7